UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA SUE TUCKER,

        Plaintiff,                                     Hon. Janet T. Neff

v.                                              Case No. 1:17-cv-480

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

        The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process.  *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 11 years of age on her alleged disability date. (PageID.298). She successfully completed high school, but has no past relevant work experience. (PageID.73). Plaintiff applied for benefits on March 17, 2014, alleging that she had been disabled since October 15, 1992, due to a hip impairment, bi-polar disorder, anxiety, and post-traumatic stress disorder. (PageID.298-306, 346).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.175-296). On December 16, 2015, Plaintiff appeared before ALJ Stephanie Katich with testimony being offered by Plaintiff and a vocational expert. (PageID.118-73). In a written decision dated February 9, 2016, the ALJ denied Plaintiff's claim. (PageID.60-74). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.157-62). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) status post remote bilateral hip percutaneous screw fixation for slipped capital femoral epiphysis; (2) bilateral hardware removal; (3) trochanteric bursitis of the bilateral hips; (4) bilateral knee patellofemoral syndrome; (5) asthma; (6) obesity; (7) bipolar disorder; (8) anxiety disorder; (9) post-traumatic stress disorder; (10) social phobia; and (11) a history of cannabis abuse presently in remission per the claimant's

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

4

reports, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.   (PageID.62-66).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) during an 8-hour workday, she can stand/walk for 4 hours; (2) she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs; (3) she can never climb ladders, ropes, or scaffolds; (4) she should avoid concentrated exposure to fumes, odors, dusts, gases, and other like respiratory irritants; (5) she can understand, remember, and carry out simple instructions; (6) she can make judgments on simple work-related decisions; (7) she can tolerate occasional interactions with supervisors and co-workers; (8) she should avoid work activity involving direct contact with the general public; (9) she can tolerate usual work situations and deal with changes in a routine work setting.   (PageID.66).

The ALJ found that Plaintiff had no past relevant work experience at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.   While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).   This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964.

Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 225,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.157-62). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

> I.    The ALJ Properly Weighed Dr. Boen's Opinion

On May 6, 2014, Plaintiff participated in a consultive examination conducted by Dan Boen, Ph.D. (PageID.585-88). Plaintiff reported that she feels "sad and depressed, has trouble concentrating and focusing, is nervous and shaky in social situations, and has anxiety and panic attacks." (PageID.585). Plaintiff reported that she had been on psychotropic medications for several years. (PageID.585). Plaintiff reported that her medication regimen was recently modified with beneficial effect and no side effects. (PageID.585). Plaintiff reported that she has used methamphetamine and regularly smoked marijuana. (PageID.585).

The results of a mental status examination were unremarkable. (PAgeID.587-88). Specifically, the doctor reported:

> She was oriented to time, place, and person.  She can handle her
> own money.  She was responsive in her speech and cooperative

> with the examiner. Her mood and affect were normal. She is on psychotropic medication. She has had suicidal and auditory hallucinations. Her consciousness was normal. Her concentration was normal. Her memory was moderately deficient. Her fund of information and level of intelligence were normal. Her judgment was mildly deficient. Her level of insight was normal.

(PageID.588).

Dr. Boen diagnosed Plaintiff with bi-polar disorder, social phobia, and cannabis abuse. (PageID.588). The doctor concluded that Plaintiff "could understand what she was asked to do on a job but she would have difficulty remembering it." (PageID.588). The doctor further concluded that Plaintiff "could concentrate and stay on task," but "would have trouble relating to both coworkers and her boss." (PageID.588).

The ALJ observed that Dr. Boen's opinion was "rather vague," but "broadly consistent with the evidence of record as a whole showing the claimant's residual mood difficulties and occasional cognitive impairments." (PageID.72). The ALJ, therefore, afforded "some weight" to the doctor's opinion. Plaintiff asserts that she is entitled to relief on the ground that the ALJ improperly weighed Dr. Boen's opinion. The Court is not persuaded.

The ALJ correctly concluded that Dr. Boen's opinion is vague as it articulates no specific functional limitations from which Plaintiff suffers. When considered in light of the results of Plaintiff's mental status exam, Dr. Boen's opinions do not appear to be inconsistent with the ALJ's RFC finding. Plaintiff's contention that Dr. Boen's opinions are "work preclusive" is unpersuasive and based upon Plaintiff's mischaracterization of the doctor's opinion. Plaintiff interprets the opinion that Plaintiff would experience "difficulty" remembering instructions as equating to a complete inability to remember instructions. The Court discerns no basis for conflating these two very distinct concepts.

Furthermore, to the extent that Dr. Boen's opinion is interpreted as asserting that Plaintiff is more limited than the ALJ recognized, such is contradicted by the medical evidence. Treatment notes dated March 4, 2013, indicate that Plaintiff was experiencing "moderate" depression, anxiety, and irritability. (PageID.644). Plaintiff also reported, however, that she was not taking any prescribed medications. (PageID.644). The examiner nevertheless reported that Plaintiff's memory was "intact," her "attention normal," and her "concentration abilities normal." (PageID.647).

Treatment notes dated October 12, 2013, indicate that Plaintiff was taking her prescribed medication and exhibiting "normal mood and affect" with "normal" behavior, judgment, and thought. (PageID.546). Subsequent therapy treatment notes revealed no findings inconsistent with the ALJ's RFC assessment. (PageID.674-94). Treatment notes dated May 27, 2014, indicate that Plaintiff "exhibits a depressed mood," but that her behavior, judgment, thought content, cognition, and memory were all "normal." (PageID.607). Treatment notes dated November 6, 2014, indicate that Plaintiff discontinued taking her prescribed medications. (PageID.651). The results of a mental status examination were unremarkable. (PageID.651-52). Treatment notes from May 2015 through November 2015 likewise are not inconsistent with the ALJ's RFC assessment. (PageID.754-822). Plaintiff's reported activities are likewise not inconsistent with the ALJ's RFC assessment. (PageID.357-72).

Because Dr. Boen examined Plaintiff on only one occasion his opinion is entitled to no special deference. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994); *Atterberry v. Secretary of Health and Human Services*, 871 F.2d 567, 571-72 (6th Cir. 1989). The ALJ

articulated her rationale for discounting Dr. Boen's opinion and that rationale is supported by substantial evidence. Accordingly, this argument is rejected.[2]

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Dated: April 6, 2018                                          /s/ Ellen S. Carmody
                                                              ELLEN S. CARMODY
                                                              United States Magistrate Judge

---

[2] Plaintiff also asserts that the ALJ failed to "delve into the opinions of the treating psychiatrists/psychologists." (PageID.849). This argument is one sentence in length and identifies no treating opinion that the ALJ failed to properly assess or which is inconsistent with the ALJ's opinion. This argument is, therefore, waived. *See, e.g., Porzillo v. Department of Health and Human Services*, 369 Fed. Appx. 123, 132 (Fed. Cir., Mar. 12, 2010) (claimant "waves any arguments that are not developed"); *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) (arguments "superficially" developed are waived); *Financial Resources Network, Inc. v. Brown & Brown, Inc.*, 2010 WL 4806902 at *30 n.29 (D. Mass., Nov. 18, 2010) (same).